IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UARON J C MASON                                                                    PLAINTIFF

v.                                            4:05CV00851HLJ

RANDY JOHNSON, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the Court on defendants' motion for summary judgment (DE #35).  Plaintiff

has filed a response in opposition to the motion (DE #40).

Plaintiff is a former inmate of the Pulaski County Detention Facility ("Jail").  He filed this action

pursuant to 42 U.S.C. § 1983 while incarcerated at the Jail, but was soon thereafter released.  He alleges

in his complaint that defendants improperly detained him in punitive segregation ten days beyond his

ten-day punishment for two disciplinary convictions, and that defendants failed to respond to his

emergency grievances which involved the allegedly improper calculation of his Jail sentence.  Plaintiff

asks for monetary relief from the defendants.

In support of their summary judgment motion, defendants state that plaintiff's due process claim

based on the time he was required to serve in punitive segregation should be dismissed, because he fails

to show a violation of a liberty interest.  Specifically, defendants state that plaintiff must show that the

conditions of his punitive isolation sentence imposed an "atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life," quoting Sandin v. Conner, 515 U.S. 472, 484 (1995).

2

Defendants state that plaintiff has not alleged, or offered evidence to show, that the differences in his confinement in segregation were atypical or significant from that of his stay in general population. Defendants also state that plaintiff was convicted of two separate disciplinary violations and sentenced to two separate ten-day stays in punitive, and that there is no evidence that plaintiff was to serve those sentences concurrently.

With respect to plaintiff's second allegation, defendants first note that the failure to process grievances properly does not in and of itself state a claim for a constitutional violation, citing Buckley v. Barlow, 997 F.2d 494, 495 (8th cir. 1993).   Defendants next explain the calculations rendered in determining plaintiff's sentence, taking into account "meritorious good days" credit earned by the plaintiff.   See DE #37, Exs. 2-4.

In his response, plaintiff states that defendants failed to follow procedures while he was in their care and custody and that he has provided sufficient documentation (grievances submitted) to support his allegations.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."   Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in

order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

The Court finds that plaintiff's first due process allegation should be dismissed, based on the law set forth in Sandin, supra.   In Sandin, the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation.  Recognizing, however, that states may themselves create certain protected  liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  115 S.Ct. at 2293.   Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'"   Furthermore, in Wycoff v. Nichols, 94 F.3d 1187 (8th Cir. 1996), the Court held that the plaintiff did not possess a liberty interest in avoiding administrative segregation unless the conditions of confinement presented the type of atypical, significant deprivation in which a state might conceivable create a liberty interest.

In this particular case, plaintiff does not include in his complaint any allegations concerning the conditions of his confinement while in punitive segregation.  Therefore, there is no evidence that the conditions were atypical or significant to those of ordinary prison life.  Based on the lack of a dispute in fact, the Court finds that defendants are entitled to judgment as a matter of law with respect to this claim.

With respect to plaintiff's second claim, the Court agrees with the defendants that plaintiff fails

4

to state a claim for relief based on his allegations that they failed to properly file his grievances.  <u>See</u> <u>Buckley</u>, <u>supra</u>.  To the extent that plaintiff also attempts to assert a claim based on his allegation that he was improperly required to serve forty days beyond his sentence, the Court finds that this allegation falls within the law set forth in <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994). In <u>Heck</u>,  the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of habeas corpus. In this case, plaintiff is claiming that his sentence should have been shorter, and states that defendants failed to properly calculate his meritorious (good time) received.  He also asks for monetary relief from the defendants.  He has not, however, provided proof that his sentence was reversed, expunged, or called into question by issuance of a federal writ of habeas corpus.  Therefore, the Court finds that this claim also should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' summary judgment motion (DE #35) is GRANTED and that plaintiffs' complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 18th day of April, 2006.


_____
United States Magistrate Judge